## NEWELL V. SANFORD.

1. TENANCY AT WILL. Where a tenant at will erected buildings upon unoccupied lots, after which the notice required by statute to terminate such tenancy was served, but the tenant continued in possession for a series of years, by the suffrance of, and without any interference by, the landlord; it was held that the service of notice did not change the relations of the parties—that the lessee continued a tenant at will.

Newell v. Sanford.

2. SAME: RENT. When a tenancy is without stipulation as to the amount of rent reserved, the landlord may recover a reasonable compensation for the use and occupation of the premises.

*Appeal from Polk District Court.*

SATURDAY, APRIL 19.

THE facts are fully stated in the opinion of the court.

*C. C. Nourse* for the appellant.

*Curtis Bates* for the appellee.

BALDWIN, C. J. — The plaintiff seeks to recover of defendant, for the use and occupation of a certain lot in Des Moines, and the buildings thereon. The allegation in the petition, is that the defendant occupied said premises at the instance and request of said defendant, and by the permission and suffrance of said plaintiff; that defendant promised to pay to said plaintiff, for such use and occupation, as much as the same was worth.

Upon the trial, the plaintiff testified that he had leased the lot to defendant without any agreement as to time and price, and, in pursuance of such agreement, defendant took possession thereof in 1855. One Warner was introduced as a witness for plaintiff, and testified to a conversation, in which defendant told witness that he was having a house built for him on said lot, and that it was bad policy to build a grout house on a leased lot, as he was liable to be turned out at any time. Upon this evidence, after proving the value of the rent of said premises, the plaintiff rested his case.

The defendant introduced a witness who testified that the house on the leased lot was built for defendant, in the fall of 1855, after the contract was made with plaintiff, as above stated. The plaintiff then introduced in evidence a notice served upon defendant, in 1856, requiring him to quit possession of said premises within three months.

The court thereupon instructed the jury, that this notice, when served, terminated the tenancy at will, and if the defendant continued in possession after the time fixed in the notice at which he should leave; that defendant was liable to plaintiff for the use of both the house and lot, and that plaintiff should recover a reasonable rent therefor. The verdict of the jury being in favor of plaintiff, the defendant appeals. The admission of the notice in evidence, and the giving said instruction, is assigned as error.

It will be recollected that the plaintiff alleges, in his petition, that the defendant occupied and used said premises by the sufferance and permission of plaintiff. The object of the introduction of the notice in evidence, was to show that the tenancy at will, under the first lease, was terminated, and a new tenancy created, by which the plaintiff could claim rent, not only for the use of the lot, but the buildings also; notwithstanding the fact that such buildings were placed on the lot by defendant.

We do not think that the service of this notice upon defendant, taken in connection with the facts as stated in plaintiff's petition,—that the defendant remained in possession for several years after the notice was given, by the consent of the plaintiff—changes the relation or liability of defendant from what it was before the notice was served.

The defendant was a tenant at will, under the agreement with plaintiff. See Code, § 1208. When permitted to hold over by the consent of plaintiff, after the service of the notice, he was still a tenant at will. If a tenancy is without stipulation, as to the amount of rent, then the landlord can recover a fair consideration for the use and occupation of said premises. In the case of *Abeel* v. *Radcliffe*, 15 John., 506, it appears to be settled that where a tenant holds over after the expiration of his term, and the lessor receives rent or otherwise recognizes the party as his tenant, and without any new stipulation between the parties, an implication

arises that there is a tacit consent that the tenant shall hold from year to year, at the former or first rent.

This case is cited and relied upon by the counsel for appellee, as supporting the rule laid down by the court below. In this case (*Abeel* v. *Radcliffe*) the rent, as first agreed upon, was for the ground alone, afterwards the landlord, (not the tenant, as in this case,) erected buildings on the premises which were used by the tenant. It was therefore held that the general rule, that the tenant holding over should pay only at the rate named in the first lease, would not apply.

The case of *Bradley* v. *Cool*, 4 Cow., 349, is analogous to the case before us, and in that the rule is fully recognized, that the tenant holding over, without any new terms fixed, there is a tacit consent to the former terms of the lease. This case is authority for the position of appellant, and under the rule therein recognized, the instruction of the court was erroneous.

Reversed.