MRS. AGNES WHALEN v. THE LEISY BREWING COMPANY, et al., Appellants.

**Landlord and Tenant:** LIQUOR SELLING: *Public policy.* In an action to recover rent reserved in a lease it cannot be contended in defense that the lease is void because the premises were let for traffic in intoxicating liquors or that the business was unlawfully carried on, when the lease expressly provided that the traffic should be conducted in a legal manner.

EVIDENCE. It will be presumed in an action to recover rent reserved in a lease by which the lessees covenanted to conduct the sale of intoxicating liquors upon the premises in a lawful manner that they had in mind sales as pharmacists which they might legally make.

RENEWAL OF LEASE. On expiration of a written lease, a written renewal was executed, but afterwards the lessor refused to allow the lessee to use the premises until the mulct law, regulating the sale of intoxicating liquors, had been complied with. After compliance therewith, the lessor verbally agreed that the lessee could occupy the premises. *Held,* that the verbal agreement carried with it all the terms and conditions of the prior written lease, so far as applicable.

*Appeal from Polk District Court.*

MONDAY, OCTOBER 24, 1898.

ACTION at law to recover the rent reserved in a lease made by plaintiff to defendants. Defendants pleaded that the lease was made to enable them to violate the intoxicating liquor laws of the state, and was and is void. The trial court sustained plaintiff's demurrer to certain parts of the answer, and rendered judgment for plaintiff for the full amount of her claim. Defendant's appeal.—*Affirmed.*

*J. F. Conrad* and *T. L. Sellers* for appellants.

*Nugent & Connolly* for appellee.

DEEMER, C. J.—The lease was made upon condition that the second party should "(2) use said premises, viz. store room No. 216 and basement thereof, for the traffic in intoxicating liquors, and for no other purpose, and only in manner and form as provided by law. This lease to terminate at the option of the first party, in the event that the said second party violates the laws of Iowa in the use of said premises. (3) Not permit any unlawful business to be conducted thereon, and deliver the same free and clear of any tax, lien, claim or demand under the law taxing the traffic in intoxicating liquors." "(11) That any failure on the part of the party of the second part to comply with any of the terms and conditions of this lease shall make the whole amount of the rent, for the said term due, and the party of the first part may proceed to collect the same." This lease expired on the first day of June, 1895. On the sixth of June, 1895, a written renewal was executed by the parties, by the terms of which the lease was extended upon the same conditions as the original lease. Defendants pleaded in answer that at the time the renewal lease was executed the provisions of the mulct law had not been complied with in Polk county, for that the requisite petition of consent had not beeen filed with the county auditor, and that plaintiff refused to let defendants occupy or use said premises under the renewal. They also pleaded that thereafter, and on the fifth day of July, 1895, the petition was secured, and that plaintiff then verbally agreed that defendants might use and occupy the premises for the purpose of trafficking in intoxicating liquors; that they are willing to pay the reasonable rental value, and consent to. judgment against them for about half of plaintiff's claim. They also further pleaded that the lease was made for the purpose of allowing them to traffic in intoxicating liquors, and was therefore void. The trial court sustained a demurrer to this answer, and rendered judgment for the amount due under the written lease.

In the case of *McKeever v. Beacom,* 101 Iowa, 173, we held that a landlord may recover his rent for a building used

for the purpose of carrying on the liquor business under the provisions of the mulct law. Appellants contend, however, that they leased the building for an unlawful purpose, and that they did in fact do an unlawful business therein. References to the lease will show that, while the premises were leased to appellants in order that they might traffic in intoxicating liquors, it was distinctly agreed that that traffic should be lawful. The purpose was not to aid defendants in the violation of law, but to enable them to conduct the traffic in a legal manner. As we have said, if they complied with the provisions of the mulct law, the traffic was not illegal in such sense as that the lease should be avoided. It was evidently intended that defendants should do those things which would enable them to sell under the provisions of chapter 62, Acts Twenty-fifth General Assembly, and if they failed to do so they cannot be heard to say that by reason of their failure the lease should be avoided. Again, the defendants might have made lawful sales as pharmacists, and, as they covenanted to conduct a lawful business, it may well be presumed that they had in mind such sales. The verbal lease of date July 5, 1895, pleaded by defendants, was, in effect, a renewal of the prior lease, and carried with it all the terms and conditions of that lease so far as applicable. *Newell v. Sanford,* 13 Iowa, 191. If not a renewal, it was an agreement that the written renewal should apply to the changed conditions, and, in either event, the defendants should pay the rent reserved. The matters pleaded in answer do not constitute a defense to plaintiff's cause of action, and the demurrer was properly sustained. AFFIRMED.