SIMS, Appellant, vs. THE MUTUAL FIRE INSURANCE COMPANY OF THE TOWN OF LA PRAIRIE, ETC., Respondent.

*December 20, 1898 — January 10, 1899.*

*Pleading: Evidence: Fire insurance: Release of insurer: Estoppel.*

1. Although a reply to an answer containing no counterclaim is, under sec. 2661, Stats. 1898, superfluous as a pleading, yet, if treated as a proper pleading, admissions therein will bind the plaintiff.

2. One whose insured property is destroyed by the negligence of a railroad company, if he settles with and receives payment of his loss from the railroad company, thereby releases the insurer from liability to him on his policy.

3. One who settles with a railroad company for property alleged to have been destroyed by its negligence, and releases it, is estopped in an action on the policy insuring such property from denying that it was so destroyed.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Fethers, Jeffris & Mouat,* and oral argument by *M. G. Jeffris.*

For the respondent there was a brief by *Winans & Russell,* and oral argument by *John Winans.*

CASSODAY, C. J.    The second amended complaint in this action alleges, in effect, that August 11, 1893, the defendant insured the plaintiff against loss or damage by fire or lightning for the period of five years, to the amount of $775, as follows: On his dwelling house, $500, on his barn No. 2,

$275,— all situated on the premises described; that August 8, 1894, all the property so insured was destroyed by fire, whereby the defendant company became liable to reimburse the plaintiff for the loss thus sustained, according to the provisions of the contract; that due notice of the loss was given to the defendant; that August 10, 1894, the secretary of the defendant, together with its committee appointed to adjust and determine the damages and loss, visited the premises, examined into the question of damages sustained as the result of the fire, and designated $775 as the loss sustained by the plaintiff as result of the fire; that the committee and secretary were duly authorized to so act and adjust the loss sustained; that thereupon the defendant became liable for the amount so determined by the committee of adjustment; that the plaintiff had given notice of the loss, and accurately and faithfully performed his part of the contract; that an assessment was duly levied and collected, under authority of the defendant, to provide for such loss, payable to the plaintiff, amounting to $775; that the defendant thereby became indebted to the plaintiff in that amount, and the same became payable ninety days from August 10, 1894; that no part thereof had been paid, but that the defendant had refused, and still refuses, to pay any portion of the amount so adjusted; that the plaintiff had no other insurance on that property, and that the contract mentioned was the only protection which the plaintiff had against loss or damage by fire or lightning upon the property described.

The defendant answered such complaint, and by such answer alleges, in effect, that the loss, damage, and destruction of the property suffered by the plaintiff was caused by the wrongful act and negligence of the Chicago & Northwestern Railway Company, a corporation that operated along its right of way adjacent to the plaintiff's said property a locomotive engine in such negligent and defective condition that fire escaped therefrom, and was thereby wrongfully and negli-

gently communicated to the plaintiff's said property, causing the same to be destroyed, which destruction, loss, and damage suffered thereby were the same referred to in the plaintiff's complaint; that, by reason of the railway's wrongful and negligent acts so causing the loss and damage, the railway company became and was liable to the plaintiff therefor, or to this defendant, if it suffered loss thereby; that September 10, 1894, the plaintiff, for a valuable consideration, executed and delivered to the railway company a written instrument under seal, wherein and whereby the plaintiff settled with the railway company for said loss and damage so caused, and released and forever discharged the railway company from all claims and demands by reason of the loss so caused, as aforesaid, a copy of which release is as follows:

"In consideration of the sum of eight hundred and seventy-five ($875) dollars to us in hand paid by the Chicago & Northwestern Railway Company, the receipt whereof is hereby confessed, we hereby release and forever discharge said railway company from all claims and demands which we, or either of us, now have, or may have, against it by reason of buildings, crops, trees, household goods, and other personal property belonging to us being burned by a fire alleged to have been started by said company on or about the 8th day of August, 1894, near Afton, and in full claims for all damage which we or either of us may have by reason of said fire.

"Witness our hand and seal at Afton, Wisconsin, this 10th day of September, A. D. 1894.

"Witness:                        GEORGE SIMS [Seal]
   GEORGE L. TREAT, Atty.,   GEORGE C. ANTISDEL [Seal]
       Alexandria, Minn.    PARMELIA S. TREAT [Seal]."

The plaintiff, for an amended reply to such answer of the defendant, admits that he signed the certain paper writing, a copy of which is appended to the defendant's answer herein, being the same as above set forth; and alleges that the goods and property destroyed by fire, mentioned in the plaintiff's

complaint, amounted to a sum greatly exceeding the amount of his loss as fixed by the defendant insurance company, added to the amount mentioned in the release in writing; and denies each and every allegation in the answer not admitted; and especially denies that the railway company caused the fire mentioned in the complaint as alleged in the answer. A motion was then made to strike out the second amended complaint and amended reply, but, on hearing the motion, the court ordered that the second amended complaint and amended reply, mentioned, be allowed to stand as the complaint and reply in the action.

At the close of the trial the jury, by direction of the court, returned a verdict in favor of the defendant. From the judgment entered thereon accordingly the plaintiff appeals.

The answer contained no counterclaim, and hence the amended reply to the same was superfluous as a pleading. Stats. 1898, sec. 2661. Nevertheless it was served and treated as a proper pleading, and, so far as it contains admissions of fact in favor of the defendant, it must be regarded as a part of the record in the case. It squarely admits that the plaintiff signed the release. That release is in writing, and signed by the plaintiff and two others, September 10, 1894, and speaks for itself. By admitting that he signed the release, he necessarily admitted all the facts stated in the release. Consequently he admitted that, in consideration of $775 paid by the railway company to the plaintiff, he thereby released and forever discharged the railway company from all claims and demands which he then had or might have against it by' reason of the loss of property belonging to him and burned by a fire alleged to have been started by the railway company on or about August 8, 1894, near Afton, and in full of claims for damage which he might have by reason of such fire. The second amended complaint alleges that the insured property was destroyed by fire August 8, 1894. The amended reply alleges, and therefore admits, that the prop-

erty so destroyed by fire, as mentioned in the plaintiff's second amended complaint, amounted to a sum greatly exceeding the amount of his loss as fixed by the defendant, added to the amount mentioned in the release. The plaintiff's witness George C. Antisdel, who was one of the signers of the release, testified, in effect, that the amount of his insurance was $100, and the plaintiff's $775, making in all $875, and that the amount of such losses was adjusted and allowed by him and the plaintiff and the defendant's committee at' that sum, which is the same amount named in the release. With these admissions of record, there can be no question but that the fire mentioned in the second amended complaint and the amended reply was the same fire mentioned in the answer and the release, nor that the property mentioned in such complaint and reply is the same named in the answer and release, nor that the plaintiff received $775 and Antisdel $100 from the railway company in settlement and discharge of their respective claims against that company for destroying the property belonging to them, respectively, by starting the fire at the time and place named.

The question recurs whether upon such admitted facts, and notwithstanding such settlement and discharge of the railway company, the plaintiff can nevertheless maintain this action to recover damages for the same loss against the defendant. The law on the subject seems to be pretty well settled. It has been held by this court that "an insurance company which has been compelled to pay the owner for property destroyed by fire has a right of action against the person who wrongfully caused the loss, without any assignment of such right by the assured, and, under our statutes, may sue in its own name." *Swarthout v. C. & N. W. R. Co.* 49 Wis. 625; *Wunderlich v. C. & N. W. R. Co.* 93 Wis. 132; *Hustisford F. M. Ins. Co. v. C., M. & St. P. R. Co.* 66 Wis. 58; *Connecticut F. Ins. Co. v. Erie R. Co.* 73 N. Y. 399. Had the defendant in this action paid to the plaintiff the in-

surance money due him on the contract of insurance, the plaintiff could not, properly, thereafter have sued the railway company for the loss of such property, without making the insurance company a party plaintiff, or, in case it refused, a party defendant. *Pratt v. Radford*, 52 Wis. 114; *Wunderlich v. C. & N. W. R. Co.*, *supra; Home Mut. Ins. Co. v. Oregon R. & N. Co.* 20 Oreg. 569; *Phenix Ins. Co. v. Pennsylvania R. Co.* 134 Ind. 215. So, this court has recently held that "payment by an insurer of the full amount of a loss caused by a fire negligently set is a complete defense to an action by the insured against the person liable for the negligence; the acceptance of such payment being, in effect, an assignment of the cause of action to the insurer." *Allen v. C. & N. W. R. Co.* 94 Wis. 93. It is also well settled that, where property is thus insured and destroyed by the negligence of a railway company, the owner of the property cannot rightfully release or discharge the right of action which the insurance company would have against the railway on making payment of the loss, without releasing the insurance company. *Hart v. Western R. Corp.* 13 Met. 99; *Chickasaw Co. F. M. F. Ins. Co. v. Weller*, 98 Iowa, 731. The assured cannot recover from both parties for the entire loss. The liability of the railway company is, in legal effect, first and principal, and that of the insurer secondary, not in the order of time, but in order of ultimate liability. *Id.; Chicago, St. L. & N. O. R. Co. v. Pullman S. C. Co.* 139 U. S. 88. Thus, it has been held that "where an insurance company pays the insured for a loss by fire occasioned by the fault of a railway company, and the insured afterwards receives the amount from the railway company in satisfaction of his damages, he holds it in trust for the insurers, and they may recover it from him by suit in equity." *Monmouth Co. M. F. Ins. Co. v. Hutchinson*, 21 N. J. Eq. 107. So, in the New York case cited, it was held that, "if the assured receives the damages from the wrongdoer before payment by the in-

Sims vs. The Mutual Fire Ins. Co. of La Prairie.

surer, the amount so received will be applied *pro tanto* in discharge of the policy." *Connecticut F. Ins. Co. v. Erie R. Co.* 73 N. Y. 399.

True, the plaintiff's amended reply denies that the railway company caused the fire mentioned in the complaint and alleged in the answer, but such denial does not conclude the defendant. It is still admitted of record in this case that the railway company paid to the plaintiff $775 to settle his claim against that company for the property insured and burned by a fire alleged by him to have been started by that company. The release did not confine itself to so much of the plaintiff's claim for damages as was not covered by the insurance, as in the Pennsylvania case cited. *Insurance Co. of N. A. v. Fidelity T. & T. Co.* 123 Pa. St. 523; *S. C.* 10 Am. St. Rep. 546. The language of this release is sweeping, and releases and forever discharges the railway company from any and all claims by reason of the loss of the property. It expressly covers all claim which the defendant might have on making payment of the loss. The defendant would have no right of action against the railway company in case it should make payment. Such right of action has been taken away and destroyed in advance by the plaintiff's release. It is no answer for the plaintiff now to allege that the fire was not caused by the railway company, and hence that the defendant would have no right of action against that company upon paying the loss. It is enough to know that the plaintiff procured from that company $775 on the claim that it did cause the fire, and is now seeking to deprive the defendant of the benefit of that payment by alleging that it did not cause the fire.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., took no part.