[No. 4573.  Decided March 4, 1903.]

PROSPECTORS' DEVELOPMENT COMPANY, *Respondent*, v. GEO. BROOK *et al.*, *Appellants*.

APPEAL — STATEMENT OF FACTS — PLACE OF CERTIFICATION.

Under Laws 1901, p. 76, § 1, which provides that a superior judge shall not be authorized to hear any matter outside of the county wherein the cause is pending, except by consent of the parties, it was error for the court to adjourn the settlement of a statement of facts to a county other than the one of trial, when the respondent had not consented thereto.

SAME — VOID CERTIFICATION — NEW NOTICE.

Under Bal. Code, § 5058, which provides that if the judge is absent at the time named in a notice or fixed by adjournment for the settlement and certification of a statement of facts, a new notice may be served, the failure of the judge to legally certify a statement duly filed in his court, because of the adjournment of the proceedings to a place outside of the county of trial, would not preclude the subsequent settlement and certification of the statement under a new notice.

Appeal from Superior Court, Okanogan County.—Hon. CHARLES H. NEAL, Judge. Motion to return statement of facts to superior court for certification granted.

*Happy & Hindman,* for appellants.

*Edward W. Taylor* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellants move in this court for an order

that respondent show cause why the statement of facts on file in this court shall not be sent back to the superior court of Okanogan county to be recertified by the judge before whom the cause was tried; or, in the alternative, that said statement shall stand as the statement of facts upon which the cause shall be heard in this court. The motion was supported by affidavit to the effect that notice was regularly served upon respondent's counsel for the settlement and certification of the statement of facts, the date fixed being December 15, 1902. Thereupon respondent's counsel informed appellants' counsel that he could not, because of other court engagements, be present on the date fixed; that thereafter, for the purpose of accommodating respondent's counsel, and for the accommodation of the judge before whom the cause was tried, appellants obtained an adjournment of the hearing upon the application to have the statement certified, and obtained an order of the court fixing December 27, 1902, as the date for such adjourned hearing, which also designated Spokane, Washington, as the place for said hearing, and that such order was served upon respondent's counsel;. that respondent served and filed an amended statement of facts, which was practically adopted in its entirety by the court; that, by reason of the foregoing, appellant's counsel did not think respondent's counsel desired to be present at the time the statement was certified, and at the time and place mentioned in the order of adjournment the judge settled and certified the statement; that, by mistake, the order of adjournment was entitled as having been entered in the superior court of Okanogan county, but that the place designated for the adjournment was not designated as being other than the city of Spokane.

Upon the motion and affidavit, as substantially above set forth, an order to show cause was issued, and at the

hearing the facts stated in the affidavit were not controverted.   In the oral argument it was suggested that the statement be ordered returned to the superior court of Okanogan county in order that the court may correct the error as to venue in the order of adjournment and re-certify the statement of facts.   As far as the correction of the order is concerned, the fact is not controverted that it was actually entered in the superior court of Okanogan county, and, if no other difficulty were in the way, we should regard that as a mere clerical omission, and treat it as corrected here.   Should we do so, however, the statement would be left without proper settlement or certification by the trial court.   The affidavit, as we have seen, shows affirmatively that the place of the attempted settlement and certification was in Spokane county—a county other than that in which the cause was pending.   It does not appear that respondent consented to the hearing being had in Spokane.   Under these circumstances, we think the judge was not empowered to settle and certify the statement at the place mentioned.   Section 1 of chapter 57, page 76, Session Laws of 1901, after reciting that a judge may within any county in his district do certain things in relation to causes pending in other counties of his district, concludes as follows:   *"Provided,* That nothing herein contained shall authorize the judge to hear any matter outside of the county wherein the cause or proceeding is pending, except by consent of the parties."   The language of § 5058, Bal. Code, seems to indicate that the court is at liberty to designate any place in an adjourning order for settlement of a statement of facts, but the above statute of 1901, as the later statute, has certainly nullified that portion of the former statute.   As already suggested, we cannot therefore adopt the alternative presented by the motion and treat this as a statement of facts

in the case, because it is made clearly to appear that it was never legally certified.

Respondent suggests in argument that it is useless to send the statement back for settlement and certification, for the reason that it must ultimately be stricken for reasons mentioned in the argument. That question is not, however, now before us. We are only confronted with the right of appellants to have the statement settled and certified. After a statement is filed in the superior court there seems to be no limitation as to time when it may be certified. "If the judge is absent at the time named in a notice or fixed by adjournment, a new notice may be served." Bal. Code, § 5058. Manifestly the judge was absent in this instance. An order of adjournment regularly entered fixed a *date* for the settlement, and the *place* was properly in Okanogan county, unless respondent had otherwise consented. But the record shows that on that date the judge was in Spokane county—the place where he attempted to settle and certify the statement. We therefore think the statement may yet be certified after a new notice, as provided by law. It must be clearly understood, however, that we do not now pass upon any question that may arise in connection with the statement, except appellants' right to have it settled and certified.

Appellants ask that, in the event the statement shall be returned, an extension of time be granted for filing additional or supplemental briefs. We shall not make any order upon that subject. Under the rule permitting the filing of additional authorities, we are unable to see how any hardship may result to the prejudice of either party.

For the reasons above stated, it is ordered that the statement of facts be returned to the superior court of Okanogan county for the purposes herein indicated.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.