[No. 5717.   Decided January 5, 1906.]

DOWNS FARMERS WAREHOUSE ASSOCIATION, *Respondent,*
v. PIONEER MUTUAL INSURANCE ASSOCIATION,
*Appellant.*[1]

APPEAL—STATEMENT OF FACTS—PLACE OF CERTIFICATION.   Where no amendments are proposed to a statement of facts in a case tried before a visiting judge, the same may be certified outside of the county or judicial district in which the case was tried.

INSURANCE — LOSS BY FIRE — POLICY — CLAUSE FOR SUBROGATION AGAINST PARTY CAUSING FIRE—RELEASE BY INSURED AS BREACH OF SUBROGATION CLAUSE.   Where a clause in a fire insurance policy provides that the insurer shall be subrogated to the rights of the insured against any-person whose act or neglect caused the fire, and after the issuance of the policy the insured entered into a contract with a railroad company releasing it from all liability for fires caused by it, there can be no recovery upon the policy for a loss by a fire caused by sparks from a passing engine of said railroad company.

[1]Reported in 83 Pac. 423.

Appeal from a judgment of the superior court for Lincoln county, Chapman, J., entered December 17, 1904, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action on a policy of fire insurance. Reversed.

*H. T. Granger,* for appellant.
*Martin & Grant,* for respondent.

CROW, J.—This action was commenced by the Downs Farmers Warehouse Association, a corporation, respondent, against the Pioneer Mutual Insurance Association, a corporation, appellant, to recover the sum of $2,000, upon a fire insurance policy issued by appellant upon a certain warehouse and contents on the line of the Great Northern railway, at Downs, in Lincoln county, which was totally destroyed by fire on June 6, 1904. The complaint was in the usual form for an action upon a fire insurance policy. Appellant, as an affirmative defense, alleged that said policy contained the following condition:

"If this association shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this association shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the member for the loss resulting therefrom, and such right shall be assigned to this association by the member on receiving such payment;"

that, subsequent to the issuance of said policy, and prior to the date of said fire, respondent entered into a certain written contract with the Great Northern Railway Company, for a license to enter upon, and occupy, the premises upon which said warehouse was located, which said contract in part provided as follows:

"In consideration of the premises said party of the second part does hereby consent and agree to and with the said party of the first part that it will forever protect, save harmless and indemnify said first party from all damages or liability what-

soever which shall or may be during the existence of this agreement, caused by or result from the frightening of horses or other animals of said second party or belonging to any other person while upon said premises, by locomotives or cars, fire, coal or sparks escaping or being scattered from the engines or trains of said first party while being operated on its main spur or side tracks, in hauling empty or loaded cars to and from said premises above described, or from engines on tracks passing said premises on said main or side tracks, and for said consideration said party of the second part does further consent and agree to defend and save harmless said first party from all suits, costs, damages and expenses, which may or shall be brought on account of or result from fire caused by sparks or coal escaping or being scattered from the engines and trains of the first party while operating its main or side tracks to, by or from said premises;"

that the party of the first part in said contract mentioned was the Great Northern Railway Company, and the party of the second part was respondent; that the fire which caused the destruction of said warehouse was caused by the act of the Great Northern Railway Company by reason of sparks from an engine operated by it falling upon and igniting said building; that in its proof of loss respondent stated, under oath, that said fire was so caused, and that, by reason of the contract between respondent and said railway company, respondent has been prevented from assigning to appellant any right of action, which it might otherwise have against said railway company for damages arising out of said fire, and appellant has been deprived of its right to be subrogated to such right of action.    Trial was had before the court and a jury, and upon a verdict in favor of respondent, final judgment was entered, from which this appeal has been taken.

Respondent has moved to strike the statement of facts, for the reason that the judge who certified the same was not in Lincoln county, the place of trial, nor in the judicial district of which said county is a part, at the time of making his certificate.    In support of this motion respondent cites *Prospectors' Development Co. v. Brook,* 31 Wash. 187, 71 Pac.

774, in which it appears that the respondent had proposed amendments to the appellant's proposed statement of facts after it had been filed and served. Here no amendments were proposed, which fact differentiates this case. This cause was tried before Honorable W. O. Chapman, judge of the superior court of Pierce county, as visiting judge in Lincoln county. No amendments having been proposed to appellant's proposed statement of facts, it became the duty of the trial judge to certify said statement, without notice. Bal. Code, § 5058. This being true, it was not necessary for the respondent to be present when such certificate was made, no hearing being contemplated; hence, said statement of facts was properly certified by said visiting judge while in his own county. Laws 1901, chap. 57, § 2, p. 77. The motion is denied.

After the evidence of appellant and respondent had been introduced, appellant challenged its sufficiency and moved the court to direct a verdict in its favor. This motion was denied, and appellant's only assignments of error are, that the court erred in denying said challenge and motion, and in refusing a new trial. These assignments of error raise but one question, Was the evidence sufficient to sustain the verdict rendered or to justify the court in submitting any issue of fact to the jury? After a careful examination of the entire record, we conclude the court erred in refusing to sustain such challenge. There is no dispute but that the policy contained the clause above mentioned. The undisputed evidence fully sustains the allegation of the answer to the effect that respondent entered into the written contract with the Railway Company as pleaded by appellant.

In its first letter to appellant, giving notice of the fire, respondent said: "Our warehouse burned last Monday evening between seven and eight o'clock. Caught from east-bound passenger train. It threw sparks upon the roof." Thereupon appellant immediately sent its representative to Downs to adjust the loss, and wrote respondent, asking its co-operation in a joint action against the Railway Company for damages,

and also in securing evidence to support such action. Considerable correspondence took place between the parties, when finally the president of the Warehouse Association, in a letter to appellant, inclosed what purported to be a written copy of its contract with the Railway Company. This copy, made by said president himself, contained the identical clause pleaded in appellant's answer. On the trial there was some contention upon the part of respondent to the effect that it had not entered into any contract with the Great Northern Railway Company, but the undisputed evidence sustained appellant's allegation that such contract was made.

As the evidence, therefore, shows the issuance of the policy with the clause above mentioned, and that respondent afterwards entered into said contract with the Great Northern Railway Company, it was impossible for respondent to assign to appellant any valid claim against the said Great Northern Railway Company for damages sustained by reason of said fire. The policy provided that, if the Insurance Association should claim the fire to have been caused by the act of any other person or corporation, then on payment of loss, the assured should assign to said Insurance Association any claim against such other person or corporation. This is a valuable clause in the policy, and one which has been enforced by the courts. The effect of the assured releasing the Railway Company from liability was to put itself in a position where it could not comply with this subrogation clause, and for that reason the making of the contract with the Railway Company invalidated the insurance policy in the event of loss by fire caused by any act of the Railway Company. This destroyed a valuable right given to the Insurance Association by and through which it could otherwise sue the Railway Company and recoup itself for the loss which it might pay to the assured.

"An insurance company which has indemnified the owner of property for loss incurred by him is entitled to all the means of indemnity which the latter had against the party

primarily liable, to the extent of the payment, and it may therefore bring and control, in the name of the insured, a suit against the wrongdoer who has occasioned the loss." 4 Current Law, 220.

"When the insured covenants that on receiving 'payment he will assign to the company any claims he may have against any one whose negligence or fault may have caused the loss, refusal of the insured to make the assignment before or concurrent with the payment is a good defense to a suit." 2 May, Insurance (4th ed.), § 454, p. 1056.

"The law is well established that an insurance company which has been compelled to pay, or has paid, a loss covered by its policy, has, after such payment, a right of action against the person who wrongfully caused. the fire and loss to the amount such insurance company paid even without any formal assignment by the assured of his claim against the party primarily liable. And the courts have likewise been very firm in supporting the right of the insurance company to bring an action in the name of the assured, and will not allow the latter to defeat such action even by a release or discharge of the person by whose act the damage was occasioned." 2 Wood, Fire Insurance (2d ed.), p. 1085, § 500.

In *Kennedy Bros. v. Iowa State Ins. Co.,* 119 Iowa 29, 91 N. W. 831, the supreme court of Iowa said:

"Whether an insurance company, having paid a loss under a policy issued by it, is entitled by subrogation to recover the amount paid by it from the railway company, through whose negligence the fire occurred, although no provision is made for it in the policy, we are not called upon to determine. It was competent for the parties to incorporate such a provision in the contract of insurance, and that was done in this instance. Now, of course, there can be no such thing as subrogation where the party insured has contracted away all right of recovery as against the railroad company, and it follows in reason and from authority that, where it appears the insured has contracted away the right of the insurance company to subrogation without its knowledge and consent, he cannot recover, in case of loss upon the policy."

See, also, *Sims v. Mutual Fire Ins. Co.,* 101 Wis. 586, 77 N. W. 908; *Bloomingdale v. Columbia Ins. Co.,* 84 N. Y. Supp. 572.

Some contention is made by the respondent, to the effect that it did not know of this clause in the policy, as its attention was not called to the same until after the fire. Respondent, however, sued upon the policy and, in its pleadings, failed to allege such want of knowledge or any fraudulent act on the part of appellant. A contract of insurance, with or without such a clause, is a contract of indemnity. Under the law, an insurance company, upon payment of the loss, would be equitably entitled to be subrogated to all rights of an assured against any other person causing the fire, to the extent of such payment by the insurer. Any voluntary act upon the part of the assured destroying such right of subrogation should relieve the insurer from liability. We are unable to find any conflict in the evidence sufficient to authorize the submission of any issue of fact to the jury. The jury returned a verdict in favor of respondent; such verdict is not supported by the evidence, and cannot be permitted to stand. The undisputed evidence, much of it in written form, taken in connection with conceded facts, constitutes a complete bar to any right of recovery on the part of respondent. There was no question for the jury. It was simply the duty of the court to apply the law to undisputed facts. The challenge to the sufficiency of the evidence should have been sustained, and a verdict in favor of appellant should have been directed.

The judgment is reversed, and the cause remanded, with instructions to enter judgment in favor of appellant.

MOUNT, C. J., ROOT, HADLEY, FULLERTON, and DUNBAR, JJ., concur.