CARSTAIRS and others *v.* MECHANICS' & TRADERS' INS. CO. OF NEW YORK.

*(Circuit Court, D. Maryland.* June 4, 1883.)

INSURANCE—SUBROGATION—BILL OF LADING—DEFEATING INSURER'S RIGHT OF SUBROGATION.

Under an open policy of insurance on goods while in transit by railroad, it was stipulated that the insurance company should, in case of loss, be subrogated to all claims against the carrier. Certain goods covered by the policy were destroyed in a railroad collision, having been shipped under a bill of lading which provided that in case of loss, by which the railroad company incurred any liability, the railroad company should have the benefit of any insurance which might have been effected on the goods. *Held,* in an action by the insured against the insurance company, that he could not recover, having by the bill of lading defeated the right of subrogation against the carrier to which the insurance company was entitled.

At Law.

*John H. Thomas,* for plaintiffs.

*John S. Tyson* and *S. T. Wallis,* for defendant.

MORRIS, J. In my judgment, one of the defenses set up in this case is fatal to the plaintiffs' right to recover, and I shall consider but that one. The suit is brought to recover from the insurance company the value of goods which were lost while in transit from Peoria to Philadelphia by railroad, in consequence of the car in which they were carried being wrecked by a collision with other cars. This was one of the risks insured against under the open policy, and the written indorsement thereon, issued by the defendant to the plaintiffs. The policy was for one year and was issued several months before these goods were shipped, and both the policy and the written indorsement thereon, expressly stipulate that the insurance company,

in case of loss, is to be subrogated to all claims against the transporter of the merchandise.

Now, the bill of lading under which the plaintiffs claim the goods provides that in case of loss, by which the carrier incurs any liability, the *carrier shall have the full benefit of any insurance* which may have been effected upon or on account of the goods. Of course, this agreement in the bill of lading is not an agreement that insurance shall be effected; but if insurance is effected, and the holder of the bill of lading gets compensation from the insurer, it would seem clear that, unless the stipulation is void, the holder of the bill of lading must be defeated, to the extent of the compensation which he has so obtained, in any action which he may bring against the carrier. If, therefore, the plaintiffs should recover in this suit compensation from the insurance company, the agreement in the bill of lading, if valid, has made it impossible for them to do what, by both the printed and the written clauses of the policy, they agreed to do, namely, to subrogate the insurance company to their claim against the carrier. They have in effect agreed with the insurance company to subrogate it to their claim against the railroad, and have also agreed with the railroad to subrogate it to any claim they may have against the insurance company. This result can be avoided only by showing that the agreement in the bill of lading is one which the carrier is not permitted to make. And counsel for plaintiffs have strongly argued that the agreement is void, because it results in enabling the carrier to escape liability for negligence. It is not denied that a carrier may, by direct contract, insure himself against losses arising from his own negligence in the transportation of goods, and two cases have been cited in which it has been held that he may lawfully, by special agreement with the shipper, stipulate that he shall have the benefit of any insurance effected by the shipper. No case to the contrary has been brought to my attention.

In *Mercantile Mut. Ins. Co.* v. *Calebs,* 20 N. Y. 173, (1859,) the insurer who had paid the loss, and who would have been subrogated to all the rights of the shipper of the goods against the carrier, was defeated in an action against the carrier solely and distinctly upon the ground that such an agreement in the bill of lading was valid and binding. It is contended that this decision is not an authority in courts which do not (as the New York courts do) uphold contracts made by carriers exempting them from liability for negligence. This case is, however, cited with approval in several text-books on the law of carriers, and it does not appear that it has ever been questioned.

The case of the *Phœnix Ins. Co.* v. *Erie & Western Transp. Co.,* decided by Judge DYER, in the United States circuit court for the eastern district of Wisconsin, (1879,) reported in Lawson, Carr. 382, is a very carefully considered decision of a federal court, in which the question was distinctly made under circumstances most favorable for the insurance company. It was there conceded to be law that the

carrier could not stipulate for exemption from liability for negligence, and it was a fact found by the court that the loss had occurred through the negligence of the carrier, against whom the owner might have recovered. But the court held that, as the carrier could have insured himself against the peril by which the loss happened, although the negligence of his servants was the cause of it, there was no rule of law which forbade his contracting for the benefit of the insurance effected by the shipper. These two cases would have to be disregarded by any court which should permit this defendant to be subrogated to the rights of the plaintiff, and to recover against the carrier after having paid the loss claimed in this suit; and I should therefore have not only to doubt the correctness of these two decisions,—which I am not prepared to say I do,—but to be clearly convinced that they were wrongly decided, before I could rule that the defendant, on paying the insurance claimed, could have the benefit of that subrogation which the plaintiffs expressly agreed it should have.

The insurance company, being practically in the position of a surety, (*Hall* v. *Railroad Cos.* 13 Wall. 367,) and having a right to the subrogation, and the plaintiffs having, by the terms of the bill of lading under which they claim the goods, defeated that right, they cannot be allowed to recover in this action.

Verdict for defendants.