## NIAGARA F. INS. CO. v. FIDELITY, ETC. CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 31, 1888—Decided January 14, 1889.

(a) A policy of fire insurance expressly provided that when the insurers should claim that the fire was caused by the wrongful act or omission of another, creating a cause of action, the assured on receiving payment on the policy should assign such cause of action to the insurers.

(b) After a gas explosion chargeable to the negligence of a gas company and resulting in damages to the building and loss by fire, the assured, before payment upon the policy, settled with and released the gas company from all claims arising out of the explosion, the release not to affect the claims of the assured against insurance companies.

1. In such case, the covenant of the insurers for payment of the loss by fire, being made dependent upon the covenant of the assured to assign the cause of action against the wrong-doer, performance by the insurers could not be enforced without performance or an offer to perform by the assured. *

*See the case following this.

Statement of Facts.

2. The effect of the release of the gas company, whether saving the rights of the insurers against the wrong-doer, or whether making performance of the covenant of the assured to assign the cause of action impossible or useless, not decided.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

No. 230 October Term 1888, Sup. Ct.; court below, No. 648 September Term 1888, C. P. No. 1.

On September 3, 1888, a summons in assumpsit issued in an action by the Fidelity Title and Trust Co., of Pittsburgh, trustee, for the use of the Western University of Pennsylvania, against the Niagara Fire Insurance Co., of New York.

The statement of the plaintiff, filed, set forth:

That the defendant on April 14, 1887, issued to the plaintiff a certain policy of insurance in the sum of $4,625, insuring against loss or damage by fire or lightning until April 14, 1888, the property held by the plaintiff as trustee of the estate of Joseph Patterson, deceased, at the corner of Penn avenue and Sixth steet; that on October 19, 1887, the building covered by the policy was damaged by fire, which said damage was duly appraised and estimated at the sum of $1,750.99; that the total amount of insurance on said property at the time of said fire was $75,000, and that on November 29, 1887, the plaintiff had made out and delivered to the defendant proofs of loss, according to the terms and conditions of said policy, whereby the share of said loss due and payable by defendant company was apportioned at the sum $107.99, which proofs of loss and apportionment were duly accepted by defendant; that though the plaintiff had kept and performed, etc., the defendant had neglected and refused to pay the said loss, etc.

To the foregoing statement, by agreement of the parties, a copy of the policy was subsequently attached as part thereof, containing the following clause:

"When this company shall claim that the fire was caused by an act or omission of any person, town or corporation, which created a cause of action, the party to whom the loss is payable under this policy, shall, on receiving payment, assign to this company such cause of action."

Statement of Facts.

On October 18, 1888, the defendant company filed an affidavit of defence, the parts of which material to the case were as follows, to wit:

" That the fire which occasioned the loss sued for was the result of an explosion of natural gas in the building known as the Patterson Block, being that covered by the policy in this case, and said explosion was caused by the criminal negligence of the Peoples Natural Gas Company in attempting to make connection with its mains in Patterson alley, adjacent to said building, without using ordinary and reasonable precautions and shutting off the gas, which escaped in large quantities into the building covered by the policy sued on in this case, and there became ignited.

"Said company did not either dispute the liability originally, nor the amount of the adjusted loss, but being advised and believing that its liability was simply to indemnify plaintiff against the damage done, in the nature of a surety, it had the right to be subrogated to plaintiff's rights as against the Peoples Natural Gas Company and all other wrong-doers that caused the loss in this case, and therefore demanded of the plaintiff such subrogation and the right to use its name in an action against the same, and offered prior to suit brought and the settlement hereafter complained of, to pay plaintiff the full amount of said loss on being so subrogated as against said wrong-doers in order that it might pursue its lawful remedy against the same, but plaintiff declined to permit or grant such subrogation until after it had made the settlement hereinafter mentioned.

" Affiants charge and expect to prove on the trial of this case that plaintiff not only refused to allow defendants to use its name as against said wrong-doers, and refused to grant said subrogation, but prior to the bringing of this suit actually settled, compromised and adjusted in full, all and any claim it may have had against said Peoples Natural Gas Company, the party whose wrongful and negligent acts caused the fire entailing the loss sued for in this case, all without the consent of the defendant and in spite of its previous demand for subrogation, a copy of which settlement is hereto attached as exhibit A, and made part of this affidavit."

Attached to the foregoing affidavit of defence, as exhibit A

referred to therein, was an agreement under the corporate seals, dated December 30, 1887, executed by the Fidelity Title and Trust Co., of the one part, and the Peoples Natural Gas Co., of the other part, setting forth that in consideration of $3,250 to be paid by the said gas company, the trust company released the gas company from "all claims and demands of every kind, arising out of or occasioned by the explosion in the Patterson Block, on October 19, 1887, including claims for loss or suspension of rent by tenants" of the property. The agreement then provided for certain repairs to be made by the gas company and concluded:

"It is understood that the foregoing settlement and release do not affect the claim of said first party against insurance companies for loss occasioned by fire, and which claim said first party shall be entitled to receive in addition to and independently of the sum paid by second party."

On October 6, 1888, the plaintiff's attorney entered a rule for judgment for want of a sufficient affidavit of defence, which rule on October 17th, was made absolute, the court, Stowe, P. J., filing no opinion. Judgment having been entered in favor of the plaintiff for $112.72, the defendant took this writ, assigning as error the order making absolute the said rule for judgment.

*Mr. Isaac S. Van Voorhis,* for the plaintiff in error:

1. The defendant company was entitled to be subrogated to the plaintiff's rights as against the wrong-doer, on offering to pay the full amount of the adjusted loss. "The party to whom this loss is payable under this policy, shall, on receiving payment, assign to this company such cause of action." This language presents a clear case of mutual and dependent stipulations, to be performed concurrently: Adams v. Williams, 2 W. & S. 227; Keeler & Co. v. Schmertz, 46 Pa. 139. Kyner v. Kyner, 6 W. 227, and Forest Oil Co.'s App., 118 Pa. 138, are to be distinguished. In those cases, the claimants for subrogation were mere strangers and stood in no contract relation with the principals.

2. The plaintiff cannot recover on the contract of insurance, after having made the settlement, a copy of which is attached

to the affidavit of defence. The defendant company could not afterward pay this loss without ratifying the settlement and thereby waiving all claim against the gas company; such payment would have been voluntary: Conn. F. Ins. Co. v. Railway Co., 73 N. Y. 399 (29 Amer. R. 171). Moreover, the insurance company stands in relation to the plaintiff, simply as a surety, and any act on the part of a creditor by which the surety is deprived of a security which he might have looked to for his indemnity, operates as a discharge of the surety: Hutchinson v. Woodwell, 107 Pa. 509; Boschert v. Brown, 72 Pa. 372; Clippinger v. Creps, 2 W. 45.

3. Further: It will not be disputed that an action against the wrong-doer for the benefit of the insurance company, must be brought in the name of the assured, for the use of the company. And, while it has been decided in Montgomery v. Cook, 6 W. 238, followed by Hamilton v. Brown, 18 Pa. 89, that an assignee need show no right in himself, it being enough to show a right in the legal plaintiff, yet he must show a legal right in the legal plaintiff, for it is this right alone that can be enforced. In an action by the insurance company against the gas company, the latter would have the right in limine to demand the authority of the insurance company to use the name of the assured: Meyer v. Littell, 2 Pa. 177; Montgomery v. Cook, 6 W. 238; Hamilton v. Brown, 18 Pa. 89; Armstrong v. Lancaster City, 5 W. 68. But by this release, the plaintiff in the present case released the gas company from " all claims and demands of every kind arising out of the explosion," and still reserved the right to collect from the insurance company whatever might be the loss occasioned by fire.

*Mr. Geo. P. Hamilton*, for the defendant in error:

1. It is admitted that the loss by fire covered by the policy has not been paid. Subrogation is a right arising in pure equity and benevolence, and depends, like other controversies in equity, on facts to develop its necessity, in order that justice may be done: Bispham's Eq., 18. But until the creditor has been fully paid, substitution or subrogation cannot take place on any terms whatever: Kyner v. Kyner, 6 W. 227 ; Forest Oil Co.'s App., 118 Pa. 138; Allegheny N. Bank's App., 19 W N. 78 ; Hoover v. Epler, 52 Pa. 522. To meet the legal difficulty

of not having paid the debt, the defendant sets up a tender, but a tender that was coupled with a demand for subrogation. Any demand for a receipt, discharge, or assignment of the debt, renders the tender invalid : Forest Oil Co.'s App., supra; Sandford v. Balkley, 30 Conn. 344 ; Perkins v. Beck, 4 Cranch 68 ; Richardson v. Boston Chem. Laboratory, 9 Met. 42.

2. The release provides a discharge to the gas company from all claims and demands arising out of or occasioned by the explosion. But at the close of the paper the generalty of the language is modified so that the release shall not affect the claim of the assured against insurance companies, " for loss occasioned by fire." The settlement is therefore to be held as a settlement and discharge of the gas company, only for the injury occasioned by the explosion: Conn. Ins. Co. v. Railway Co., 73 N. Y. 399 (29 Amer. R. 171). Moreover, where a wrong-doer has paid the assured the damages, and the assured has been paid the insurance loss, also, the wrong-doer is liable to the insurer in a suit at law, and the release by the assured would be no defence : Hart v. Western R. Co., 13 Met. 99; Monmouth Ins. Co. v. Hutchinson, 21 N. J. Eq. 107; Gracie v. New York Ins. Co., 8 Johns. 183; Swarthout v. Railroad Co., 49 Wis. 625.

OPINION, MR. JUSTICE WILLIAMS :

When the judgment was entered in this case, a copy of the policy of insurance sued on, and an affidavit of defence, were on file. The question in the court below, and now before us, is whether the affidavit disclosed a good defence to the action on the policy. The following provision made part of the contract between the parties : " When this company shall claim that the fire was caused by an act or omission of any person, town, or corporation, which created a cause of action, the party to whom the loss is payable under this policy shall, on receiving payment, assign to this company such cause of action." The affidavit of defence distinctly averred that subrogation had been demanded, and that payment of the loss had been offered upon receiving an assignment of the cause of action against the gas company ; also, that the plaintiff had refused to make and deliver such assignment, and had in disregard of the covenant in the policy settled with the gas company, whose negli-

gence was alleged to have caused the injury, and released it from liability. The facts thus averred, if sufficiently proved, constitute a good defence, and for the purpose of determining the sufficiency of the affidavit they are to be taken as true.

By the terms of the policy it is expressly provided that the assignment shall be made "on receiving payment." The act of payment on the one hand, and of assignment on the other, are thus made concurrent. The covenants are dependent, and performance by one of the parties cannot be compelled without performance or an offer to perform by the other: Williams v. Bentley, 27 Pa. 294; Henry v. Raiman, 25 Pa. 354; Keeler v. Schmertz, 46 Pa. 135; Adams v. Williams, 2 W. & S. 227. There is no question of tender involved, and the authorities cited upon that question are therefore inapplicable. The plaintiff sues upon a policy insuring against loss by fire. The defendant admits the loss, avers the covenant to assign "on receiving payment," and alleges an offer to perform, on its part, on or concurrently with performance by the plaintiff, which was refused and its right to such assignment denied. This is a complete answer to the action. The plaintiff cannot compel performance by the insurance company, while refusing performance of its own covenant with which that of the insurance company is connected and upon which it is dependent.

The effect of the release given by the plaintiff to the gas company is not now before us; but its purpose to save the rights of the plaintiff against the insurance company would seem clear from the language employed. "It is understood that the foregoing settlement and release do not affect the claim of said first party against insurance companies for loss occasioned by fire, and which claim said first party shall be entitled to receive in addition to and independently of the sum paid by said second party." The gas company has not, therefore, paid for the loss by fire, and the release expressly excepts this part of the plaintiff's claim from its operation, in order to save the plaintiff's cause of action against the insurance companies. If, however, the release did extinguish all claim for damages by fire resulting from the explosion, that alone would be a sufficient reason for refusing judgment in this case, under the rule laid down in Carstairs v. Mechanics and Traders Insurance Company of New York, 18 Fed. R. 473. Such a release as

should make performance of the covenant to assign either impossible or useless, would relieve the insurance company from its concurrent covenant to pay.

The judgment is now reversed, the record remitted, and a procedendo awarded.

————————

|123 523|
|150 11|
|123 523|
|165 433|

