WM. GERLACH, v. GRAIN SHIPPERS MUTUAL FIRE INSURANCE ASSOCIATION, Appellant.

Insurance: RIGHTS OF INSURER: SUBROGATION.  Where insured property is burned because of the wrongful act of a third person,

the insurer, upon paying the indemnity, is entitled to be subrogated to the rights of the insured against the wrongdoer; and this right does not depend upon any such condition in the policy. But the insured in leasing property may release the lessor from any liability for injury resulting from the lessor's negligence, and this will deprive the insurer of the right of subrogation.

**Same.** Where the lessee of property released the lessor from all liability in case of loss from fire, and subsequently insured the same, notifying the company of the lease but not of the release provision, and the policy provided that in case of loss through the negligence of any person, the insurer, upon payment of the same, should be subrogated to that extent to all the rights of the insured: *Held*, that upon destruction of the property through the negligence of the lessor the provision releasing it from liability did not avoid the policy; as the contract for subrogation only extended to such rights as the insured had, and was not a covenant as to any right whatever.

**Same:** ADJUSTMENT OF LOSS: EFFECT. Under the foregoing circumstances a tender to the plaintiff by the insurance company of the full amount of its liability, on the one condition that plaintiff assign his cause of action against the party through whose negligence the loss occurred, and acceptance with a written tender of the assignment, constituted an adjustment of the loss binding upon both parties, in the absence of fraud or mistake, regardless of any defenses which may have existed in favor of the company.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER, JUDGE.

SATURDAY, JUNE 8, 1912.

ACTION on two insurance policies resulted in judgment as prayed. The defendant appeals.—*Affirmed.*

*Johnston Bros.* and *Frank Wisdom,* for appellant.

*W. M. Jackson,* and *J. M. Junkin,* for appellee.

LADD, J.—Plaintiff became a member of the defendant, a mutual assessment insurance association organized

under the laws of Iowa, and received from it two policies, of insurance covering the same property, one April 26, 1909, for $3,000, and the other November 22d of the same year, for $2,000. This property burned April 6, 1910, during the life of these policies and it was conceded on the trial that the loss exceeded the amount of both, and that timely proofs of loss in due form were furnished the defendant; that insured's property was on ground along the tracks of the Chicago, Burlington & Quincy Railroad Company leased by that company to the plaintiff, the lease containing the following stipulation: "The lessee further agrees to cause during the continuance of this lease, and any extension thereof, the policies of fire insurance on the said grain elevator, corncribs and coal sheds and other improvements upon the demised premises, and upon contents thereof to be so written that in the event of any destruction or damage by fire, no insurance company shall have recourse against the railroad company." The written application for insurance disclosed that the property was on leased ground, but not the terms of the lease, and each policy provided that: "If this association shall claim the fire was caused by the act or neglect of any person or corporation, private or municipal, this association shall, on payment of the loss, be subrogated to the extent of such payment to all rights of recovery by the insured for the loss resulting therefrom, and such rights shall be assigned to this association by the insured on receiving such payment. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured of all the foregoing requirements."

The plaintiff sued on the two policies, and also based his claim for judgment on an alleged adjustment of the loss. The defendant denied liability, for, as it alleged, the fire which consumed the property was set out by the above-named railroad company, and plaintiff, by the clause in the lease quoted, had breached the condition of the policy

set out before the loss; and also defendant had tendered the full amount of the policies on "condition plaintiff would assign to defendant a right of action against said railroad company," which plaintiff was unable to do because of having released it from liability. Subsequently plaintiff offered in writing a written assignment of any cause of action he had against the railroad company, but this was not accepted. The trial court found:

'As a matter of law, the defendant company was bound by the terms and conditions of the lease at the time that it accepted the application and issued the policies of insurance. Knowing that the said property was upon leased ground and held by leasehold right, it made no investigation as to what were the terms of the lease, and accepted the application and issued the policies without making further investigation. Under these circumstances, in law, it ought to be bound by the terms of the lease. The right of subrogation is not a right that insures the recovery upon any claim that may be made, but is merely the right to substitute the defendant for the plaintiff, as to the rights that he might have in and to the claim for damages against the railroad company occasioned by their negligence. There being no proof that the fire was occasioned by the railroad company's negligence, that there would have been a right of recovery if prosecuted, and the defendant having failed to comply with the conditions which are conditions precedent to their right of subrogation, namely, the payment of the loss, and the plaintiff having at all times held himself in readiness to grant them every right which he might have had against the railroad company in accordance with the provisions of the said contract of insurance, there is no forfeiture of the plaintiff's right of recovery as against the defendant upon the said policies of insurance. The claim and loss for insurance, having been fully settled and adjusted by the parties upon a written agreement which was entered into by them, consisted of a proposition by the defendant and an acceptance by the plaintiff, is binding upon the association, and the plaintiff is entitled to recover thereon.

There was considerable parley as to plaintiff prosecut-

ing an action against the railroad company, but no agreement was reached, and subsequently defendant, with knowledge of the clause in the lease, made written tender in words following:

To William Gerlach: Whereas you are the holder of policy 35186 of the Grain Shippers' Mutual Fire Insurance Company and 31998 for five thousand dollars ($5,000) covering property at Sharpsburg, Iowa, said property being elevator and grain and lawn swing factory, and whereas you sustained a loss on said property which the insurance company are claiming was caused by the C. B. & Q. Railroad, through negligence and allowing sparks from their engine to come in contact with the property, and whereas under the terms of the policies above referred to the company upon making such claim is entitled to subrogation of your right to recover against the railroad up to the amount of insurance paid, whereas subrogation is to be due upon the payment of the loss: We hereby tender to you the sum of five thousand dollars ($5,000), the amount due on the policies above referred to, and demand subrogation of you to your right of recovery against the C. B. & Q. Railroad for negligently setting the fire. Grain Shippers' Mutual Fire Insurance Association, by Johnston Bros.

On the next day, this offer was accepted in a letter addressed to defendant, saying: "I hereby accept that offer on the part of Mr. Gerlach, and assure you that we are ready to assign to you our cause of action against the railroad, to the extent of the amount which you pay, and immediately upon the receipt of this amount we will execute a written assignment providing you think a written assignment is necessary to be made from him. Respectfully yours, Wm. Gerlach, by W. M. Jackson, His Attorney."

Had the property been consumed by a fire set out by the railroad company, its liability would have been primary, and the liability of the insurance company in the nature of that of a surety. Upon payment of indemnity by the

latter, it would be entitled to all the remedies of the insured.

I. INSURANCE: rights of insurer: subrogation. This "right is based upon the equitable doctrine that where one has been obliged to pay money to another, by the nonfeasance or misfeasance of a third, who, being at fault, ought to bear the loss, the party so paying, as by his direct obligation towards the party suffering the loss he may be compelled to do, shall be allowed indirectly, and through the right which the injured party had, to compel the wrongdoer to bear the burden which was imposed by his fault, although between him and the wrongdoer there is no direct relation upon which to found a cause of action. . . . The liability of the wrongdoer is, in legal effect, first and principal, and that of the insurer secondary, not in order of time, but in order of ultimate liability. And where the (party) insured insists upon his remedy against the party secondarily liable, he is conscientiously bound to make an assignment in equity to the person entitled to the benefit, and the acceptance of the indemnity from the insurers is in the nature of an equitable assignment which authorizes the assignor to sue in the name of the assignee for his own benefit." May on Ins. section 454.

Even in the absence of any provision such as contained in this policy, the insurer, upon the payment of loss, is entitled to be subrogated to the cause of action of the insured against the wrongdoer. *Rockingham Mut. Fire Ins. Co. v. Bosher,* 39 Me. 253 (63 Am. Dec. 618); *Mobile & M. Ry. Co. v. Jurey,* 111 U. S. 584 (4 Sup. Ct. 566, 28 L. Ed. 527); *Hart v. Western R. R. Co.,* 13 Metc. (Mass.) 99 (46 Am. Dec. 719).

But it is competent for the insured in leasing property to release the lessor from obligation for any injury the lessor may occasion by his negligence. *Griswold v. Railroad Co.,* 90 Iowa, 265; *Hartford Fire Ins. Co. v. Railroad,* 175 U. S. 91 (20 Sup. Ct. 33, 44 L. Ed. 84). And, of course, the insured having released the wrongdoer, this

will deprive the insurer of the benefit of subrogation. *Home Ins. Co. v. Railroad Co.,* 19 Colo. 46 (34 Pac. 281); *Packham v. Ger. Fire Ins. Co.,* 91 Md. 515 (46 Atl. 1066, 50 L. R. A. 828, 80 Am. St. Rep. 461); *Platt v. Railway Co.,* 108 N. Y. 358 (15 N. E. 393).

2. SAME.

Courts have frequently held that where goods in transit are insured by a policy stipulating that the insurance company, in event of loss, shall be subrogated to all claims against the carrier, and the goods are lost while being shipped under a bill of lading which provides that, in event of loss by which the carrier has incurred any liability it should have the benefit of any insurance which might have been effected on the goods, the insured can not recover against the insurance company because of having defeated the right of subrogation against the carrier to which the insurance company was entitled. *Carstairs v. Insurance Co.* (C. C.) 18 Fed. 473; *Fayerweather v. Insurance Co.,* 118 N. Y. 324 (23 N. E. 192, 6 L. R. A. 805); *Southard v. Railway Co.,* 60 Minn. 382 (62 N. W. 442, 619). But see *Jackson Company v. Insurance Co.,* 139 Mass. 508 (2 N. E. 103, 52 Am. Rep. 728); *Inman v. Railway Co.,* 129 U. S. 128 (9 Sup. Ct. 249, 32 L. Ed. 612).

In *Kennedy Bros. v. Insurance Co.,* 119 Iowa, 29, a crib with corn therein and some agricultural implements burned, and the policy covering the same, in addition to stipulating for subrogation to all of the rights of the insured against the wrongdoer, provided that the entire policy shall be void "if the insured shall make or have any contract or understanding whereby any person or corporation shall not be liable for any act or neglect in causing the fire." The premises were leased from a railroad company stipulating that "the risk of all loss, injury, and damages by fire, however caused, being assumed by the said lessees, who in consideration of the leasing of said premises agree to indemnify and save the said lessor harmless from all

liability for damage by fire, however the same may originate." This did precisely what the policy declared would render it void, and, though the decision proceeds on the theory that the insured by releasing the wrongdoer breached the condition promising subrogation in event of loss, was enough to defeat recovery.

In *Downs Farmers' Warehouse Ass'n v. Insurance Co.,* 41 Wash. 372 (83 Pac. 423), a condition of a policy, expressly providing for subrogation of the insurer to the rights of the assured against any person responsible for the loss, was held to be breached by the insured after the issuance of the policy contracting in the lease from a railroad company to release it from liability for any loss of goods that might be caused by it.

In *Niagara Fire Ins. Co. v. Fidelity Title & Trust Co.,* 123 Pa. 516 (16 Atl. 790, 10 Am. St. Rep. 543), an affidavit, setting up that the policy provided that upon payment of the loss the insured would assign his cause of action against the party whose act or omission caused the same to the company, and that upon tender such assignment had been refused, and that the insured had settled with and released the gas company by whose negligence the loss was caused, was held to set up a good defense. See cases collected in note to *Brown v. Insurance Co.,* 83 Vt. 161 (74 Atl. 1061, 29 L. R. A. (N. S.) 698).

The principle is clearly stated in 2 Wood on Fire Ins. (2d Ed.) section 500, where the author says: "The law is well established that an insurance company which has been compelled to pay, or has paid, a loss covered by its policy, has, after such payment, a right of action against the person who wrongfully caused the fire and loss to the amount such insurance company paid even without any formal assignment by the assured of his claim against the party primarily liable. And the courts have likewise been very firm in supporting the right of the insurance company to bring an action in the name of the assured, and will not

allow the latter to defeat such action even by a release or discharge of the person by whose act the damage was occasioned."

A policy of insurance with or without a clause such as is contained in the policies in suit is merely a contract of indemnity. Upon payment of the loss, the insurer is entitled to subrogation to all the rights the assured may have against any other person or corporation causing the fire to the extent of such payment, and, where subrogation has been stipulated in the policy as a condition of recovery, the subsequent voluntary release of the wrongdoer by the assured is a breach of the condition of the policy which will defeat recovery thereon. But this is as far as any of the authorities, save *Kennedy Bros. v. Ins. Co., supra,* have gone, and aside from what is there said, we have discovered no decision lending support to appellant's contention that a condition in the lease waiving liability of the lessor's negligence in event of fire will invalidate a contract of insurance containing a condition such as in these policies, subsequently entered into. Nor is this proposition sound in principal. The insured did not agree, in accepting the policies, that the insurer should be subrogated to any rights other than he might have. The property was on leased ground, as the insurance company well knew. The lease antedated the policies, so that the status of the property was precisely the same at the time of the fire as when the policies were issued. It is not pretended that the insured misrepresented the risk, nor is there any charge of fraudulent concealment. Indeed, the insurance company made no inquiry concerning the conditions contained in the lease, and, not being called upon, the insured gave no information concerning these. All the insured undertook was that the insurance company upon payment of the loss should be subrogated "to all rights of recovery by the insured for the loss resulting therefrom," and that he would assign these. He did not undertake that there should be any right or

cause of action on his part on which the company might maintain an action, even though it were subrogated to any rights which he might have, nor did he give any assurance that there would be a claim or cause of action which might be assigned. The obligation was simply that the insurer should succeed to any rights the insured might have upon the payment of the loss, and if he had no right or cause of action against the wrongdoer, then there was nothing to be subrogated to. The most that the insurance company could insist upon was that it be put in as favorable a position as the insured—in other words, stand in his shoes—in maintaining an action against the railroad company, and this was the extent of his obligation. Manifestly, then, there was no breach of condition contained in the policies of insurance.

As heretofore observed, *Kennedy Bros. v. Insurance Co., supra,* was rightly decided. But there is some language in that decision inconsistent with what is here said, and, in so far as inconsistent herewith, must be regarded as overruled.

The parties hereto appeared to have proceeded on this theory, for after failing to arrange for suit by the assured against the railroad company, the defendant, with knowledge of the contents of the lease, tendered in writing the full amount of the policies to plaintiff upon assignment of his cause of action against the railroad company with no other condition, and the latter within a reasonable time, and before the tender was withdrawn, notified defendant of his acceptance, and later made written tender of such assignment. This amounted to an adjustment of the loss binding on the parties. *Ill. Mutual Fire Ins. Co. v. Archdeacon,* 82 Ill. 236 (25 Am. Rep. 313); *Stache v. Insurance Co.,* 49 Wis. 89 (5 N. W. 36, 35 Am. Rep. 772); *Smith v. Insurance Co.,* 62 N. Y. 85; Phillips on Ins. section 1815.

3. SAME: adjustment of loss: effect.

In 1 Park on Ins. 266, the author says: "It has been

determined that after an adjustment has been signed by an underwriter, if he refuses to pay, the owner has no occasion to go into proof of his loss or any of the circumstances respecting it. This it is said has been the invariable custom on the subject. It seems to be perfectly just, as the underwriter has, under his hand, expressly admitted that the plaintiff has sustained damage to a certain amount."

By the offer and acceptance, the parties voluntarily agreed upon the precise amount one was to receive and the other to pay in adjustment of the loss, and, in the absence of any charge of mistake or fraud, they are bound by their agreement, regardless of any defenses which may have existed in favor of the company.

Whether the insurer was charged with knowledge of the condition in the lease need not be considered. The judgment is,—*Affirmed.*