## FRYE v. JANOW.
### No. 13933.

Court of Civil Appeals of Texas. Dallas.
June 18, 1948.

Robertson, Jackson, Payne & Lancaster and Paul B. Horton, all of Dallas, for appellant.

Thompson, Knight, Harris, Wright & Weisberg and Dan Rogers, all of Dallas, for appellee.

LOONEY, Justice.

The facts giving rise to this suit are these: An automobile owned by Frank Frye, the appellant, driven by his son, collided with an automobile owned by Joseph Janow, the appellee, driven by his wife at the time, resulting in serious injuries to each of the cars.

Appellant carried a policy of insurance with Hardware Mutual Casualty Company covering collision damages, which contained a subrogation clause reading as follows: "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

The company paid appellant the amount of damages sustained that was covered by the policy, but, it seems, did not execute to the company a formal transfer of his claim against appellee. Later the appellant, out of court, asserted against appellee certain claims for damages sustained in the collision by himself and son, other than the damage to the automobile for which he had been compensated by the insurance company. This latter claim being adjusted, appellant executed a release to the appellee, the pertinent portion of which reads as follows: "This release is further intended to cover, and does hereby cover, all damages that the said Frank H. Frye suffered as the result of the injury to his automobile, which was being driven at the time of said collision by his son with his permission; provided that the said Frank H. Frye represents to releasees that the Hardware Mutual Casualty Company paid him certain sums of money for damages done to his automobile as a result of said collision, under a policy issued by it, and if the said Hardware Mutual Casualty Company attempted to reserve any subrogation rights, it is not the intention of the undersigned, or any of them, to attempt by this release to affect or release any claim that the Hardware Mutual Casualty Company might have or claim to have."

Subsequent to these events, suit was filed in the name of appellant, against the appellee, but in the interest of and on behalf of the insurance carrier to recover the amount

the company had paid appellant in adjusting the loss. Appellee answered the suit by a general denial and also plead in abatement, alleging in substance that the insurance company had become subrogated to the appellant's cause of action for property damage and that the company was the owner of the cause of action, praying that the suit be abated until the insurance company was made a party-plaintiff in the suit. Appellee also filed a cross action against appellant for his damages growing out of the collision. The cross action, however, was severed from the main suit and the trial court sustained the plea in abatement, dismissed appellant's suit upon his failure to amend and make the insurance company a party-plaintiff, to all of which appellant excepted, gave notice of and perfected this appeal.

Appellant's first point of error is that the court erred in sustaining appellee's plea in abatement and dismissing appellant's suit for failure to amend and make the insurance company a party-plaintiff.

■ In situations similar in all material respects to the case under consideration, our courts have repeatedly held that the insurance carrier paying the loss held an equitable assignment of the insured's claim for damages and that it was permissible for the insured in his own name to prosecute the claim to judgment for and on behalf of the insurer.

In the case of Magnolia Pipe Line Co. v. Security Union Ins. Co., 37 S.W.2d 1062, the Beaumont Court of Civil Appeals held that the insurer was subrogated to the right of the insured against the wrongdoer to the extent of the payment made, although no formal assignment of the claim was made by the insured. In the case of San Antonio & A. P. Ry. Co. v. D. M. Picton & Co., 111 S.W.2d 842 (application refused), the San Antonio Court of Civil Appeals held, among other things, that the assignee may sue upon a chose in action in name of his assignor, both at common law and under the laws of Texas. Two of the most recent cases involving the subject under discussion were decided by this Court, in both of which we made similar holdings and in each of them the Supreme Court dismissed

application for writ. The first of these was Ablon v. Hawker, Tex.Civ.App., 200 S.W. 2d 265. In this case the writer filed a dissenting opinion which by the concurrence of Associate Justice Young became the majority opinion, in which the question was discussed briefly and authorities cited. (See Dissenting Opinion, 200 S.W.2d at pages 270, 271.) The later case by Associate Justice Young was Hudson Underwriters Agency, etc. v. Ablon, Tex.Civ.App., 203 S.W.2d 584, in which a more elaborate discussion was given and quite a number of authorities cited. So we sustain appellant's first point of error and hold that the court below erred in sustaining the plea in abatement and in dismissing the cause.

Appellant's second point of error is that the court erred in admitting in evidence the release heretofore set out which recites that appellant had been reimbursed by the insurance company for the loss sustained in the collision. Appellant's objections to the admission in evidence of the release in question were that it was irrelevant, immaterial, was not intended to and would not affect the subrogation rights of the insurance company, was highly prejudicial to the rights of the insurance company, in that it would bring before the court for consideration the fact that the insurance company was the beneficial owner of the cause of action, etc.

■ We do not think this release had any proper place in the evidence. By its terms it was not intended to affect the rights of the insurance company under the subrogation clause and appellee makes no such contention, as it is stated on page 2 of his brief that: "The release which was executed and delivered to defendant was not intended to release, and it is not here contended that it did release, any part of the cause of action which had been transferred to the collision insurer." It follows that the only purpose of introducing this release was to get before the court or jury trying the case the facts recited therein in regard to the settlement with the appellant by the insurance company and the fact that the suit was being prosecuted for and on behalf of the company. This, in the language of Judge Young in the case heretofore cited, could only have the effect of

beclouding the issues and diverting the minds of the jury.

We are of opinion that the court below erred in sustaining the plea in abatement and in dismissing the suit; therefore reverse the judgment below, reinstate the suit and remand the cause for further proceedings.