Lila K. MYERS, Appellant,

v.

FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D. C. (a body corporate), Appellee.

No. 14871.

United States Court of Appeals District of Columbia Circuit.

Argued May 4, 1959.

Decided June 25, 1959.

---

Mr. Lynn O. Coombs, Washington, D. C., submitted on the brief for appellant.

Mr. N. Meyer Baker, Washington, D. C., submitted on the brief for appellee.

Before PRETTYMAN, Chief Judge, and FAHY and BURGER, Circuit Judges.

PRETTYMAN, Chief Judge.

Lila K. Myers is the owner of a building which was damaged by a fire allegedly caused by the negligence of a heating contractor. The building was insured against fire damage by The Firemen's Insurance Company of Washington, D. C. (Firemen's). The building was repaired by Allied Building Services, Inc., which thereafter began an action to enforce its lien for the cost of repairs. Mrs. Myers filed a third-party complaint against her insurer, Firemen's. In her third-party complaint she claimed, besides the damages resulting from the fire, "damages accruing from insurer's negligent failure to service this claim, and the expenses and disbursements of this suit." She alleged that Firemen's had "without excuse or justification * * * failed, refused and wholly neglected to pay any part of the amount due upon the claim." The next day Mrs. Myers filed suit against the original heating contractor.

Firemen's sent Mrs. Myers's attorney a copy of its answer to the third-party complaint. The answer contained a tender of $1,112.50, the certified amount of fire damage, upon delivery of "the subrogation receipt usual in the settlement of insurance company claims." Three days after this answer was mailed, Mrs. Myers settled with the heating contractor for $2,612.32. Firemen's then moved for summary judgment.

At the hearing on the motion Firemen's claimed that Mrs. Myers's settlement had breached the contract of insurance by extinguishing Firemen's right to subrogation. Mrs. Myers's attorney opposed the motion, on the ground that Firemen's negligence in processing the claim had caused damage far in excess of the fire damage. He also denied Firemen's assertion that Mrs. Myers had repeatedly refused to accept Firemen's tender of the amount of damage caused by the fire. Firemen's motion was granted, and Mrs. Myers appeals.

When the District Court granted Firemen's motion for summary judgment, it was under the impression that Mrs. Myers was attempting to recover twice for the same damage. Certainly Mrs. Myers could not do that. But a careful study of the record in this case convinces us that the District Court's impression was mistaken.

In the various proceedings below, Mrs. Myers alleged at least five classes of expenses: (1) the actual fire damage to the property; (2) expenses immediately resulting from the fire damage, e. g., the costs of living at another place until the damage was repaired; (3) costs of defending the suit brought by the one who

repaired the fire damage; (4) costs of suing and settling with the heating contractor; and (5) costs of bringing in Firemen's as third-party defendant. The legal causes of these expenses were, she alleged, the heating contractor's negligent installation of an oil burner, its negligent failure to pay for the resulting damage, and Firemen's negligent or willful failure to settle her claim promptly.

It is clear from the record that Mrs. Myers has recovered for the actual fire damage and for damages immediately resulting from the fire. It may also be true that she has recovered for some or all of the other classes of damages she has claimed. In view of the settlement she has made, it may be difficult, if not impossible, for her to prove that she has not recovered for all the claimed damages. But she should be given an opportunity to offer this proof, as well as proof that the insurance company's negligent or deliberate action has caused her damages for which she has not yet recovered.

■ The law on this subject has been stated in a recent case in the Municipal Court of Appeals for the District of Columbia: [1]

" * * * a release [of the tort-feasor by the insured], with certain exceptions, operates as a complete defense to a suit [against the insurer] on the policy.[1] The rationale underlying this settled rule is that since the release barred any suit by the insurer against the tort-feasor, it thereby deprived the insurer of its right of subrogation granted it by the policy to enable it to recoup its loss from the wrongdoer. The policy requirement that the insured shall do nothing after loss to prejudice the insurer's right of subrogation was thus breached by the insured, and as a result the insured loses his right of action on the policy.

"It is possible, however, that the insurer can, by its conduct, create an estoppel or bring about a waiver of its right to rely on the above stated rule as a defense. As stated by the annotator in 38 A.L.R.2d 1095, 1099,

" ' * * * such waiver or estoppel will arise where the insurer deliberately or negligently induces the insured to make the settlement with the tortfeasor, either by refusing or unreasonably delaying settlement under the policy, or by actually suggesting the insured's course of action.'[2]

* * * * * *

"As the case of Powers v. Calvert Fire Ins. Co., 216 S.C. 309, 57 S.E. 2d 638, 16 A.L.R.2d 1261 (1950), has pointed out, a suit based on this theory of waiver is one not for enforcement of the contract of insurance but for damages for its breach. There cannot be a double recovery for the loss of [the insured property]. If there is a waiver, the insured may recover, as damages, any portion of his property damage which he does not obtain in his suit against the wrongdoer plus his expenses, including attorney's fees, incurred in the prosecution of that suit.

"1. Rogers v. American Fidelity & Casualty Co., 52 N.J.Super. 254, 145 A.2d 344, 346–347 (1958), and numerous cases cited therein; annotation, 38 A.L.R.2d 1095.

"2. See also, annotation, 16 A. L.R.2d 1270."

The same rationale applies to the expense of defending a suit involving the costs of repairing the fire damage.

We think the motion for summary judgment should not have been granted. Reversed.

1. Soper v. First Security Ins. Co. of America, D.C.Mun.App., 148 A.2d 580, 582–583 (1959).