884

Lila K. MYERS, Appellant,

v.

The FIREMEN'S INSURANCE CO. of
Washington, D. C., a body
corporate, Appellee.

No. 2940.

Municipal Court of Appeals for the
District of Columbia.

Argued April 2, 1962.

Decided May 11, 1962.

Lynn O. Coombs, Washington, D. C., for appellant.

N. Meyer Baker, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

Appellant, Lila K. Myers, owned a house in the District of Columbia which was damaged by a fire caused by a tortfeasor and while insured by appellee, Firemen's Insurance Company. It is uncontradicted that the amount of damage covered by the fire policy was $1,112.50 and that Firemen's offered to pay that amount if the insured would sign a standard subrogation receipt assigning to it her claim for that amount against the tortfeasor, as provided in the insurance contract, and giving it the right to control the litigation on the claim. Upon advice of her counsel, appellant countered by offering to sign a subrogation receipt which would assign her claim to Firemen's but permit her attorney to control the litigation, apparently because she had a claim for additional damages due to the fire which were not covered by the policy provisions and which she intended to prosecute. This offer was rejected by appellee because its policy gave it the right to have its own counsel press its claims to recover from the tortfeasor. Subsequently, the contractor who had repaired the fire damage for appellant filed suit in the District Court against her for the cost of the repairs to her house. She impleaded Firemen's as a third-party defendant. Before trial the tortfeasor settled with appellant by payment of $2,612.-32. Upon motion for summary judgment by the insurance company, the District Court, apparently under the impression that Mrs. Myers was attempting to recover twice for the same damage, granted Firemen's motion. Upon appeal, the judgment was reversed and remanded on the ground that even though appellant could not recover again for damages caused by the fire, she might be able to obtain " * * * (3) costs of defending the suit brought by the one who repaired the fire damage; (4) costs of suing and settling with the heating contractor; and (5) costs of bring-

ing in Firemen's as third-party defendant * * *" provided she could prove that the refusal to pay was a result of negligence or breach of contract. The appellate court stated,[1]

"It is clear from the record that Mrs. Myers has recovered for the actual fire damage and for damages immediately resulting from the fire. It may also be true that she has recovered for some or all of the other classes of damages she has claimed. In view of the settlement she has made, it may be difficult, if not impossible, for her to prove that she has not recovered for all the claimed damages. But she should be given an opportunity to offer this proof, as well as proof that the insurance company's negligent or deliberate action has caused her damages for which she has not yet recovered."

After remand the case was certified from the District Court to the Municipal Court for trial.[2] Sitting without a jury, and after taking testimony from both sides on the issues embodied in the remand, the trial judge ruled that the appellant had failed to prove by a preponderance of the evidence that the insurance company was liable for the sums sought and judgment was entered for Firemen's. This appeal ensued.

Appellant alleges a number of errors committed by the trial court which can be disposed of by stating that the record reveals no substantiation for the same. The principal claim advanced by appellant is that the insurance company negligently failed to service the claim for the fire loss. She also claimed during the trial that the insurance company was liable for breach of its contract in refusing to pay. In respect to the theory of negligence, the record is devoid of any competent showing of negligence by Firemen's in handling the claim and proof of loss. As for the contract theory, when an in-

surance contract contains a subrogation clause, before the insurer can be required to pay the fire loss, the insured may be required to sign a subrogation agreement. "The act of payment on the one hand, and of assignment on the other, are thus made concurrent. The covenants are dependent, and performance by one of the parties cannot be compelled without performance or an offer to perform by the other." Niagara Fire Ins. Co. v. Fidelity Title & Trust Co., 123 Pa. 516, 16 A. 790. This does not mean that an insured would always be required to sign a subrogation receipt tendered to him by an insurer, but in this case the subrogation receipt tendered by Firemen's was standard and unobjectionable, while the receipt offered by appellant would have forced an unwanted attorney-client relation upon it.

The trial court's ruling upon the issues outlined in the appellate opinion in the light of the evidence in the record resolved those questions against appellant. We are in accord with this decision and can find no error that would require reversal.

Affirmed.

---

1. Myers v. Firemen's Insurance Co. of Washington, D. C., 107 U.S.App.D.C. 22, 274 F.2d 84.

