INTERNATIONAL INSURANCE COM-
PANY et al., Appellants,

v.

MEDICAL–PROFESSIONAL BUILDING
OF CORPUS CHRISTI, Appellee.

No. 218.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 4, 1966.

Rehearing Denied Aug. 31, 1966.

Hubert L. Stone, Jr., Corpus Christi, for appellants.

W. M. Lewright, of Lewright, Dyer & Redford, James Cowden, of Cowden & Cowden, Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

This is an appeal from a summary judgment rendered for the defendant in a subrogation suit. Appellant insurance companies, as insurers of Joseph Leon, Inc., the lessee of certain premises owned by appellee, paid lessee, their insured, the amount of its loss within policy limits resulting from an explosion in the premises allegedly caused by the negligence of appellee-lessor, and/or its independent contractor. Insurers by reason of such payments claim to be subrogated to the rights of their insured, and seek to enforce as against the appellee the asserted rights of the lessee to the extent of appellants' payments under the policies. The cause against the defendant other than appellee was severed, and is not before us. The trial court granted appellee's motion for summary judgment based on the following provision of the written lease between appellee as lessor and insured as lessee:

> *"Lessee hereby waives any claim it might have against Lessor for loss or damage to it caused by Lessor in connection with Lessee's occupancy of the above described premises and storage of goods, wares and merchandise therein to the extent that Lessee is fully compensated for such loss or damage by actual receipt of proceeds from insurance policies covering such loss or damage."*

Lessor originally leased the premises to Joseph Leon, Inc., in 1949. The original lease was amended in 1958, and the provision above copied was added. A similar provision whereby lessor waived any claim it might have against lessee for loss or damage to the premises caused by lessee, to the extent that lessor is fully compensated by actual receipt of proceeds from insurance policies covering such loss or damage was likewise added to the lease contract in this amendment.

In the Spring of 1962, about four years after the execution of this amended lease contract, the lessee Leon took out the three

insurance policies here involved. These policies were in effect at the time of the explosion. Pursuant to the terms of the policies, appellant insurance companies paid their insured Leon the amounts which they here seek to recover from appellee.

The explosion occurred December 3, 1963, in the equipment room of appellee's building, where the building steam boiler was located. This was a portion of the building which remained under the control of appellee. In October, 1963, appellee had employed a local engineering firm to inspect the boiler and its appurtenant equipment, and relied upon said company to conduct such tests and inspections as should have been conducted in the exercise of ordinary care. The lease required appellee to keep the building in a good state of repair and in a generally clean and reasonable condition. It is not questioned on this summary judgment proceeding that in the absence of the above quoted provision of the lease an issue of fact would be present of appellee's liability to lessee-insured, and consequently in subrogation to appellant insurance companies, for lessee's loss proximately caused by the explosion.

Appellants' first and second points of error are to the effect that (1) the lease provision relied upon does not destroy the subrogation rights of the insurance companies who have paid the loss, and (2) said lease provision is applicable only to claims which lessee has over and above the amount of insurance proceeds received. Appellees, in support of the trial court's ruling, answer (1) that appellants have no cause of action because their insured had no cause of action by virtue of the waiver provision relied on, and (2) the plain language of the waiver provision applies to any claim which the tenant has against the landlord, to the extent of the tenant's receipt of insurance proceeds.

■ Where the insurance policy is regarded as one of indemnity, as is admittedly the case here, the company on payment of the loss is subrogated to any rights which the insured may have against the person alleged to be responsible for causing the loss. 46 C.J.S. Insurance § 1209, p. 152 et seq.; 32 Tex.Jur.2d, Insurance, § 466, p. 697 et seq.; Wichita City Lines v. Puckett, 156 Tex. 456, 295 S.W.2d 894. The right of subrogation is not dependent upon an express stipulation in the policy or upon an actual assignment of the cause of action by the insured; the fact of payment of the loss operates as an equitable transfer of the claim. Wilson v. G. A. Stowers Furniture Co., Tex.Civ.App., 297 S.W. 352, writ dis. w. o. j.; Magnolia Pipe Line Co. v. Security Union Insurance Co., Tex.Civ.App., 37 S.W.2d 1062; Frye v. Janow, Tex.Civ.App., 212 S.W.2d 883; Borel's Estate v. Moody, Tex.Civ.App., 273 S.W.2d 673.

■ The insurer's right of subrogation is derived from the rights of the insured, and is limited to those rights, and there can be no subrogation where the insured has no cause of action against the defendant. If the insured, having a claim against a tortfeasor at the time when payment of insurance is made to him by his insurer, enters into a settlement with and gives a release to the wrongdoer *after* such payment, the latter having knowledge of insurer's rights of subrogation, and to which settlement the insurer is not a party, this does not bar an action to enforce the insurer's right of subrogation. Wichita City Lines v. Puckett, supra; Filipp v. Ochoa, Tex.Civ.App., 340 S.W.2d 847, writ ref. n. r. e., and authorities there cited. On the other hand, it is a well-settled rule of law that where an insured settles with or releases a wrongdoer from liability for a loss *before* payment of the loss has been made by the insurance company, the latter's right of subrogation is thereby destroyed. British and Foreign Marine Insurance Co. v. Gulf, C. & S. F. Ry. Co., Tex.Sup.Ct., 63 Tex. 475; Maryland Motor Car Ins. Co. v. Haggard, Tex. Civ.App., 168 S.W. 1011; Security Storage & Van Co. v. General Insurance Co., Tex. Civ.App., 310 S.W.2d 729; Millers Mutual Fire Insurance Company of Texas v. Mitchell, Tex.Civ.App., 392 S.W.2d 703; Gulf

Ins. Co. v. White, Tex.Civ.App., 242 S.W. 2d 663.

The waiver provision of the lease, copied above, unambiguously states that the lessee (the insured) waived any claim against the appellee for loss or damage caused by lessor (appellee) to lessee's property to the extent that lessee was compensated by actual receipt of proceeds from insurance policies covering such loss. Since there was a like provision by which the landlord waived any claim against the tenant under reverse circumstances, i. e., where the landlord suffered the loss through lessee's fault, but was compensated by insurance funds, it appears obvious that the parties intended to contract against liability, each to the other, to the extent of compensation of the loss by insurance funds.

▪ The lessee, by the terms of the lease which was in effect at the time the policies were issued, waived *any* claims against appellee to the extent that lessee was compensated by insurance. The waiver was executed prior to the payment, although it became effective only on payment and receipt of the insurance money. Appellants' case was not based on any claim of misrepresentation, fraud, or estoppel. Under the facts as agreed upon the insurers' rights are no more than their insured's (lessee's) rights. Since any claim which lessee may have had against lessor-appellee became barred by virtue of the prior-in-time lease provision plus the actual receipt of the insurance proceeds, there was no cause of action remaining to which appellants could have become subrogated.

Neither Wichita City Lines v. Puckett, Tex.Sup.Ct., supra, nor Filipp v. Ochoa, Tex.Civ.App., supra, relied on by appellants, are applicable to the facts of this case. The holding in each is that an insured can not, *after the loss has occurred,* and after payment to insured by the insurance company, prejudice the right to subrogation by settling with or releasing the offending party who had knowledge of insurer's right of subrogation. This situation does not appear

in this case. The insured did not, after the explosion, attempt to make any release with appellee contrary to the rights of the insurance companies. The agreement between the lessor and lessee had been entered into before the loss occurred.

The views expressed above are in accord with the general rule of other jurisdictions which state that a release between the insured and the offending party prior to the loss destroys the insurance company's rights by way of subrogation. Gerlach v. Grain Shippers' Mutual Fire Ins. Ass'n., 1912, 156 Iowa 333, 136 N.W. 691; United States Fire Ins. Co. v. Phil-Mar Corporation, 1956, 166 Ohio St. 85, 139 N.E.2d 330; Franklin Fire Ins. Co. v. Noll, 1945, 115 Ind.App. 289, 58 N.E.2d 947; City of New York Ins. Co. v. Chicago B. & Q. Ry. Co., 1913, 159 Iowa 129, 140 N.W. 373; Michigan Millers Mut. Fire Ins. Co. v. Canadian Northern Ry. Co., 8th Cir. 1946, 152 F.2d 292; Insurance Company of North America v. Elgin, Joliet & Eastern Ry. Co., 7th Cir. 1956, 229 F.2d 705.

▪ The court will assume that the parties placed the waiver provision in the amended lease contract for some purpose, and intended that it be construed according to the natural import of its language. Appellant justifies the inclusion of the provision in the amended lease by limiting its application to claims of loss by lessee over and above the amount of insurance proceeds received. We do not so construe it. The provision in question expressly waived any claim against lessor "to the extent that Lessee is fully compensated for such loss or damage by actual receipt of proceeds from insurance policies covering such loss or damage." There is no waiver by lessee of any claim for loss or damage not satisfied by proceeds actually received from insurance policies.

Appellants' first and second points of error are overruled.

We believe that our decision of such two points is decisive of this appeal, and that further discussion of the third, fourth and

fifth points would unnecessarily prolong this opinion. We have given full consideration to such points, and overrule same.

Judgment affirmed.